IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GABRIEL BENITO ROBERT HERNANDEZ, <br>     Plaintiff, <br><br> v. <br><br> COMMONWEALTH OF PENNSYLVANIA, *et al.*, <br>     Defendants. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | CIVIL ACTION NO. 25-CV-3265 |

**MEMORANDUM**

**MCHUGH, J.**                                                                              **AUGUST 5, 2025**

*Pro se* litigant Gabriel Benito Robert Hernandez commenced this civil action by filing a Complaint alleging violations of his constitutional rights, pursuant to 42 U.S.C. § 1983, and violations of Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132 *et seq*. (ECF No. 2.) Hernandez named as Defendants the Commonwealth of Pennsylvania, Berks County Court of Common Pleas Judge Jill M. Scheidt, Magisterial District Judge Michael D. Kaufman, Assistant District Attorney Alisa Hobart, Officer Schlottman, and three John Doe Court Clerks. (*Id.* at 4.) Hernandez also seeks leave to proceed *in forma pauperis*. (ECF No. 1.) For the following reasons, the Court will grant Hernandez leave to proceed *in forma pauperis* and dismiss his Complaint without prejudice.

**I.      FACTUAL ALLEGATIONS**[1]

Mr. Hernandez's allegations relate to ongoing state-court proceedings. Hernandez

---

[1] The allegations set forth in this Memorandum are taken from Hernandez's Complaint. (ECF No. 2.) The Court adopts the pagination supplied by the CM/ECF docketing system. Grammar, spelling, and punctuation errors in quotes from Hernandez's submissions are cleaned up where necessary. The Court also takes judicial notice of facts reflected in publicly available state court records. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

received a citation on February 11, 2024, that was then filed with the Magisterial District Court in Berks County, where Hernandez was charged with and then found guilty of operating a vehicle following the suspension of its registration, in violation of 75 Pa. Cons. Stat. § 1371(a). *See Commonwealth v. Hernandez*, No. MJ-23301-TR-0000309-2024 (Mag. Dist. Berks). Hernandez then filed a summary appeal to the Berks County Court of Common Pleas and was again found guilty of the offense after a hearing. *See Commonwealth v. Hernandez*, No. CP-06-SA-0000161-2024 (C.P. Berks). Hernandez appealed that decision to the Pennsylvania Superior Court, and that appeal is pending. *See Commonwealth v. Hernandez*, No. 1338 MDA 2024 (Pa. Super. Ct.). Hernandez also filed a "Petition for Review in Equity" the Commonwealth Court of Pennsylvania that remains pending. (*See* Compl. at 4 (citing *Hernandez v. Commw. of Pa.*, No. 70 MD 2025 (Pa. Commw. Ct.).)

Mr. Hernandez's Complaint alleges various misconduct throughout these proceedings. He asserts that "Officer Schlottman seized [Hernandez]'s license plate and vehicle without authority or a valid bond, outside his jurisdiction." (Compl. at 5.) Hernandez alleges that he is autistic and has a "brain injury" and a "language processing disorder"; that he requested accommodations under the ADA for these conditions and "offered medical documentation" in support; and that his requests for accommodations "were ignored or denied" by the state courts. (*Id.* at 3, 5.) He asserts that his requests for judicial records made under Pennsylvania's Right-to-Know Law "were denied or ignored." (*Id.* at 5.) He alleges that he was "threatened in person by a court clerk after attempting to submit a demurrer." (*Id.*) He asserts that his "*in forma pauperis* status was rescinded in apparent retaliation for asserting his rights and challenging the court." (*Id.*) He states that Defendant Hobart has entered an appearance in the Commonwealth Court proceeding but has not filed any responsive pleading. (*Id.*) He asserts that he has

2

submitted "multiple motions, including for default, sanctions, and summary relief, which remain unresolved" at the time he filed his Complaint with this Court. (*Id.*)

Mr. Hernandez asserts that these acts have violated his constitutional and statutory rights, and he seeks relief pursuant to § 1983 and the ADA. (*Id.*) He seeks a declaratory judgment that his rights have been violated, an injunction barring "further enforcement actions against [him] until due process and ADA protection are honored," the reinstatement of his "driver's license and IFP status," and damages totaling over $13 million. (*Id.* at 6.)

## II.   STANDARD OF REVIEW

The Court will grant Hernandez leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss Hernandez's Complaint if it fails to state a claim. The Court applies the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), that is, whether a complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). At the screening stage, the Court will accept the facts alleged in the *pro se* Complaint as true, draw all reasonable inferences in the Plaintiff's favor, and "ask only whether that complaint, liberally construed, contains facts sufficient to state a plausible claim." *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (cleaned up), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *See Iqbal*, 556 U.S. at 678; *see also Martinez v. UPMC Susquehanna*, 986 F.3d 261, 266 (3d Cir. 2021) ("A plaintiff cannot survive dismissal just by alleging the conclusion to an ultimate legal issue."). Section 1915 also requires

the dismissal of claims for monetary relief brought against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(iii); *Rauso v. Giambrone*, 782 F. App'x 99, 101 (3d Cir. 2019) (*per curiam*) (holding that § 1915(e)(2)(B)(iii) "explicitly states that a court shall dismiss a case 'at any time' where the action seeks monetary relief against a defendant who is immune from such relief").

As Hernandez is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala*, 704 F. 3d at 245). An unrepresented litigant "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." *Id.*

### III. DISCUSSION

#### A. Claims under § 1983

Mr. Hernandez claims that his federal constitutional and statutory rights have been violated in various ways and seeks relief under § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

##### i. Favorable Termination

To the extent that Hernandez seeks any relief that would call into question the validity of his conviction on a summary offense, such as providing him with damages based on Officer Schlottman's purported lack of authority to issue the initial citation, or in any other way calling

into question the validity of that conviction, he has failed to state a claim to relief because he has not demonstrated that the state proceedings terminated in his favor (*i.e.*, that he was either acquitted or had his conviction reversed on appeal or collateral review). *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that a § 1983 plaintiff may not recover " for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless he "prove[s] that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus" (footnote and citation omitted)); *see also Olick v. Pennsylvania*, 739 F. App'x 722, 725 (3d Cir. 2018) (*per curiam*) (applying the favorable-termination rule of *Heck* to summary offenses); *see also* 75 Pa. Cons. Stat. § 1371(b) ("Any person violating this section is guilty of a summary offense.").

To the extent that Hernandez's Complaint can be understood to allege that the court staff's alleged refusal to file his documents denied him his constitutional rights to access the courts in a way that should invalidate his conviction, that claim is barred by *Heck*, as well. *See Saunders v. Bright*, 281 F. App'x 83, 85 (3d Cir. 2008) (*per curiam*) (allegation that court employee defendants failed to provide trial transcripts, depriving plaintiff of documents necessary to establish his innocence at retrial and direct appeal, was *Heck*-barred because relief requested could not be granted without collaterally rendering plaintiff's conviction effectively invalid); *Petlock v. Nadrowski*, No. 16-310, 2023 WL 143341, at *15 (D.N.J. Jan. 10, 2023) (plaintiff's access to the courts claim that was based on allegations that he was unable to prepare an adequate defense to the criminal charges against him would necessarily imply the invalidity of his guilty plea and were *Heck*-barred); *Carter v. Leonard*, No. 20-0070, 2022 WL 20542038, at

\*1-2 (W.D. Pa. Mar. 17, 2022) (finding access to courts claim barred by *Heck* because plaintiff could only prevail on the claim if he showed that the audio recordings he sought could make a difference in a nonfrivolous challenge to his convictions (citing *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008)); *Hersh v. Chester Cnty. Clerk of Cts.*, No. 21-2615, 2021 WL 5139971, at \*2 (E.D. Pa. Nov. 3, 2021) ("Claims against court personnel whose conduct allegedly draws into question the integrity of the underlying conviction are barred by *Heck*." (*citing Tedford v. Hepting*, 990 F.2d 745, 749-50 (3d Cir. 1993) (claim for damages against court staff for allegedly tampering with transcript was not cognizable in a § 1983 action "absent a successful challenge to the underlying conviction"))); *Ward v. Aviles*, No. 11-6252, 2016 WL 1461753, at \*5 (D.N.J. Apr. 13, 2016) (plaintiff's access to courts claim for damages was *Heck*-barred because success on the claim would imply that his conviction was invalid, and if it did not imply invalidity, then plaintiff could not show that he suffered actual injury).

So, any claims under § 1983 that would call into question the validity of his conviction for the summary offense must be dismissed, because Hernandez cannot state a claim to relief while his conviction remains intact. *See Garrett v. Murphy*, 17 F.4th 419, 429 (3d Cir. 2021) ("*Heck* is clear that the favorable-termination requirement is a necessary element of the claim for relief under § 1983.").

### ii.     Immune Defendants

Moreover, many of the Defendants whom Hernandez names in his Complaint are immune from his claims. Judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Harvey v. Loftus*, 505 F. App'x 87, 90 (3d Cir. 2012) (*per curiam*); *Azubuko v. Royal*, 443 F.3d

302, 303-04 (3d Cir. 2006) (*per curiam*).  An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge." *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000).  Moreover, "[g]enerally . . . 'where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes.'" *Figueroa v. Blackburn*, 208 F.3d 435, 443-44 (3d Cir. 2000) (quoting *Barnes v. Winchell*, 105 F.3d 1111, 1122 (6th Cir. 1997)).  Because judges must feel free to act without fear of incurring personal liability for their actions in court, judicial immunity remains in force even if the actions are alleged to be legally incorrect, in bad faith, malicious, or corrupt, *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991), or are taken as a result of a conspiracy with others, *Dennis v. Sparks*, 449 U.S. 24, 27 (1980).  So, Judges Scheidt and Kaufman are immune from Hernandez's claims for money damages based on purported constitutional violations stemming from their judicial decisions and management of Hernandez's case.

Prosecutors are entitled to absolute immunity from damages under § 1983 for acts that are "intimately associated with the judicial phase of the criminal process" such as "initiating a prosecution and . . . presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976).  Absolute immunity extends to the decision to initiate a prosecution, *Imbler*, 424 U.S. at 431, including "soliciting false testimony from witnesses in grand jury proceedings and probable cause hearings," *Kulwicki v. Dawson*, 969 F.2d 1454, 1465 (3d Cir. 1992), presenting a state's case at trial, *Imbler*, 424 U.S. at 431, and appearing before a judge to present evidence. *Fogle v. Sokol*, 957 F.3d 148, 160 (3d Cir. 2020).  *See also id.* at 164 (3d Cir. 2020) (prosecutors were entitled to immunity from claims based on allegations "that at hearings and at trial the Prosecutors withheld material exculpatory evidence from defense counsel, the court, and the jury; filed a criminal complaint without probable cause; and committed perjury before and

during trial"). Moreover, District Attorneys and other supervisory prosecutors are likewise entitled to absolute immunity from claims based on their role in pursuing a prosecution on behalf of the Commonwealth. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 348-49 (2009).

Absolute immunity can extend to "the duties of the prosecutor . . . involv[ing] actions preliminary to the initiation of a prosecution and actions apart from the courtroom." *Mancini v. Lester*, 630 F.2d 990, 994 n.6 (3d Cir. 1980) (quoting *Imbler*, 424 U.S. at 431 n.33). This means prosecutors have absolute immunity from suits challenging their preliminary "strategic decisions," such as whether or not to call a witness, or their decision not to prosecute a case. *Harris v. Krasner*, No. 23-2068, 2024 WL 2861848, at *2 (3d Cir. June 6, 2024), publication ordered, No. 23-2068, 2024 WL 3493020 (3d Cir. July 22, 2024). So, to the extent that Hernandez's claims against Defendant Hobart stem from her representation of the Commonwealth, she is immune from such claims.

Courts have held that clerks of court and clerk's office employees enjoy absolute immunity and quasi-judicial immunity when performing duties required by statute or at the direction of judicial authority. *See e.g.*, *Lucarelli v. Norton*, No. 06-53, 2006 WL 709319, at *7 (M.D. Pa. Mar. 17, 2006); *Pokrandt v. Shields*, 773 F. Supp. 758, 765 (E.D. Pa. 1991) (noting that courts have held that clerks of court are entitled to immunity the same as judges); *DeFerro v. Coco*, 719 F. Supp. 379, 381 (E.D. Pa. 1989) (holding that absolute immunity extends to court clerk because he was a "nonjudicial officials whose activities are integrally related to the judicial process and involve the exercise of discretion comparable to that of a judge"); *Mercedes v. Barrett*, 453 F.2d 391, 392 (3d Cir. 1971); *Lockhart v. Hoenstine*, 411 F.2d 455, 460 (3d Cir. 1969) ("In addition to the recognized immunity enjoyed by judicial and quasijudicial officers, including prothonotaries, there exists an equally well-grounded principle that any public official

acting pursuant to court directive is also immune from suit."). So, to the extent that any of Hernandez's claims against the unnamed court-employee Defendants complain of actions taken upon the directive of a judicial officer, quasi-judicial immunity bars those claims.

### B.     Mandamus

To the extent that Hernandez's Complaint can be read to seek mandamus relief from this Court directing the Pennsylvania Superior Court to rule on the petition he filed in *Hernandez v. Pennsylvania*, No. 70 MD 2025 (Pa. Commw. Ct.), he fails to state a claim within the Court's jurisdiction. *See In re Trammell*, 725 F. App'x 193, 194 (3d Cir. 2018) (collecting cases for the proposition that federal courts generally do not have jurisdiction "to issue a writ of mandamus to a state court" or to "interfere with state court litigation" (first quoting *Demos v. U.S. Dist. Court For E. Dist. of Wash.*, 925 F.2d 1160, 1161 (9th Cir. 1991), then quoting *In re Campbell*, 264 F.3d 730, 731 (7th Cir. 2001), and citing, *inter alia*, *In re Pressman-Gutman Co.*, 459 F.3d 383, 399 (3d Cir. 2006))). There are two sources of jurisdiction for a federal district court to grant relief in the nature of mandamus. Under 28 U.S.C. § 1361, a federal district court "shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Also, 28 U.S.C. § 1651 confers jurisdiction on a district court to issue a writ of mandamus "in aid of" its own jurisdiction. Section 1651 is not applicable since Hernandez's requested relief is not in aid of this Court's jurisdiction. Section 1361, limited to compelling an executive officer or employee of the United States to perform a duty, does not confer jurisdiction on this Court to issue a writ of mandamus to compel a state judicial officer to act in matters pending in a state court. *See Bainbridge v. Pa. Dep't of Corr.*, No. 23-4835, 2024 WL 1163530, at *3 n.5 (E.D. Pa.

9

Mar. 18, 2024) (citations omitted).  So, any request for mandamus relief is dismissed for lack of jurisdiction.

    **C.**    **Right-to-Know Law**

To the extent that Hernandez's seeks relief based on the denial of his requests under Pennsylvania's Right-to-Know Law ("RTKL") (*see* Compl. at 5), he has failed to state a claim. "Section 1983 does not provide a cause of action for violations of state statutes." *Benn v. Universal Health Sys., Inc.*, 371 F.3d 165, 174 (3d Cir. 2004) (citing *Brown v. Grabowski*, 922 F.2d 1097, 1113 (3d Cir. 1990)); *see also Breslin v. Duncannon Borough*, No. 12-0360, 2018 WL 4002855, at *3 (M.D. Pa. Aug. 22, 2018) (noting that "alleged violations of [the RTKL] do not give rise to a constitutional claim").  "Generally, federal district courts are barred from considering claims under the [RTKL]," as the statutory scheme provides that the state agencies and state courts are the exclusive means of review.  *Miller v. Cnty. of Lancaster*, No. 24-05338, 2025 WL 757481, at *10 (E.D. Pa. Mar. 7, 2025) (citing, *inter alia*, *N'Jai v. Floyd*, 386 F. App'x 141, 143 (3d Cir. 2010)); *see also Guarrasi v. Scott*, 25 A.3d 394, 405 (Pa. Commw. Ct. 2011) ("[T]he RTKL provides the exclusive means to seek redress for violations of the RTKL." (citing 65 Pa. Cons. Stat. § 67.1301(a))); *Miller v. Nelling*, No. 22-3329-KSM, 2023 WL 2743564, at *6 (E.D. Pa. Mar. 31, 2023) ("[T]o the extent Plaintiff challenges [a] failure to provide public records requested pursuant to the RTKL, the Court lacks jurisdiction over this claim because state courts provide the exclusive forum for litigating under that statute." (internal quotations omitted)).  So, any claim based on purported violations of the RTKL will be dismissed without prejudice to Hernandez seeking appropriate remedies under that statute in the appropriate state court, but he will not be given leave to amend such claim in this Court.

### D. Claims under the ADA

Mr. Hernandez also alleges that the state courts have not provided him with reasonable accommodations for his disability, in violation of the ADA. Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. This provision provides a cause of action for disabled individuals claiming that they were denied access to state courts because of their disabilities. *Tennessee v. Lane*, 541 U.S. 509, 533-34 (2004) (recognizing that Title II validly abrogates state sovereign immunity).

To state a plausible claim under Title II, a plaintiff must plausibly allege that "he is a qualified individual; (2) with a disability; (3) who was excluded from participation in or denied the benefits of the services, programs, or activities of a public entity, or was subjected to discrimination by any such entity; (4) by reason of his disability." *Geness v. Cox*, 902 F.3d at 361 (quoting *Haberle v. Troxell*, 885 F.3d 170, 178-79 (3d Cir. 2018)). To state a claim for compensatory damages, a plaintiff must also plead that he suffered intentional discrimination under a deliberate indifference standard. *See Haberle*, 885 F.3d at 181 (citations omitted). A plaintiff may meet that standard in two ways: "first, by alleging facts suggesting that the existing policies caused a failure to adequately respond to a pattern of past occurrences of injuries like the plaintiffs, or, second, by alleging facts indicating that she could prove that the risk of cognizable harm was so great and so obvious that the risk and the failure to respond will alone support finding deliberate indifference." *Id.* (cleaned up).

To allege plausibly that he is a "qualified individual with a disability," a plaintiff must provide facts to show that he has a "disability" which is defined as "a physical or mental

11

impairment that substantially limits one or more major life activities of such individual . . . ." 42 U.S.C. § 12102(1)(A). "[M]ajor life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." *Id.* at § 12101(2)(A). With the passage of the Americans with Disabilities Act Amendments Act, Congress declared that the "definition of disability shall be construed in favor of broad coverage of individuals under [the ADA], to the maximum extent permitted by the terms [the ADA]." Pub. L. No. 110–325, §§ 2(b)(1)-(6), 3(2)(a), § 4(a), 122 Stat. 3553, 3555.

Hernandez states that he is a qualified individual with a disability because of a "brain injury," autism, and a "language processing disorder." (Compl. at 3.) Even assuming that these allegations are sufficiently specific to address the first two prongs of an ADA claim, Hernandez's factual allegations regarding purported ADA violations are muddled and inconsistent as to the third and fourth prongs. In the main body of his Complaint, Hernandez states that he "requested ADA accommodations and offered medical documentation [but t]hese accommodations were ignored or denied." (*Id.* at 5.) Yet, in the petition for mandamus and other relief that Hernandez submitted to the Commonwealth Court in case number 70 MD 2025, which he attached as an exhibit to his Complaint, Hernandez offered a slightly different account. (*See id.* at 12.) Hernandez states that on March 26, 2024, prior to his original conviction, he submitted a mandamus petition concerning the purported obstruction of the court employees described above, and that "[s]imultaneously, [he] requested ADA accommodations based on audio processing disability, specifically: Written format for all legal correspondence, pleadings, and motions, [and l]ive transcription during municipal court events, or recorded video with transcription if oral arguments were necessary." (*Id.*) He claims to have "fil[ed] these

12

documents with the Court of Common Pleas in Reading, the Chief Justice, the Prothonotary's Office, and the Court's ADA coordinator." (*Id*.) He then alleges that his "requested accommodation was denied in part," specifically that "the court offered live transcription" at the Magisterial District Court, but that he was "not properly accommodated" and that for his summary appeal hearing in the Court of Common Pleas, no accommodation was provided. (Compl. at 12.)

In sum, Hernandez's allegations fail to state a plausible claim to relief. He has not indicated with sufficient specificity what accommodations he requested, which of those accommodations were afforded to him and which were denied, and how he was injured by any denials; moreover, he has not included sufficient facts for the Court to conclude that these denials amounted to intentional discrimination under a standard of deliberate indifference. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) ("[A] complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts."); *McDonald-Witherspoon v. City of Phila.*, No. 17-1914, 2017 WL 3675408, at *9 (E.D. Pa. Aug. 25, 2017) (dismissing ADA Title II claim because complaint did not contain any facts showing that plaintiff was discriminated against because of his disability). Accordingly, these claims will be dismissed without prejudice, and Hernandez will be granted leave to file an amended complaint.

### IV.   CONCLUSION

For the foregoing reasons, the Court will grant Mr. Hernandez leave to proceed *in forma pauperis* and dismiss his Complaint for failure to state a claim, pursuant to § 191(e)(2)(B)(ii). Any claims calling into question the validity of Hernandez's conviction are dismissed without prejudice to filing a new civil rights complaint or including them in an amended complaint in this

action **only in the event** his conviction is reversed, vacated, or otherwise invalidated. *See Curry v. Yachera*, 835 F.3d 373, 379 (3d Cir. 2016) (*Heck*-barred claims must be dismissed without prejudice). Any claims seeking relief in the form of mandamus directed at the state courts or asserting violations of the RTKL are dismissed without prejudice for lack of subject-matter jurisdiction and without leave to amend. *See Associated Builders & Contractors W. Pa. v. Cmty. Coll. of Allegheny Cnty.*, 81 F.4th 279, 291 (3d Cir. 2023) ("[A] dismissal for lack of subject matter jurisdiction is not an adjudication on the merits and thus should be ordered 'without prejudice.'" (quoting *Figueroa v. Buccaneer Hotel Inc.*, 188 F.3d 172, 182 (3d Cir. 1999))). Finally, the Court will dismiss Hernandez's claims under the ADA without prejudice and grant him leave to file an amended complaint. An order follows, which provides more information about amendment.

                                                 **BY THE COURT:**

                                                 /s/ Gerald Austin McHugh

                                                 **GERALD A. MCHUGH, J.**